UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 3:05-cv-0087-RLY-WGH |
| | ) | |
| $24,902.00 in UNITED STATES | ) | |
| CURRENCY, | ) | |
|     Defendant. | | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on Plaintiff's Motion for Summary Judgment (Document # 14). For the reasons discussed in this entry the court finds that the motion should be denied due to the existence of material questions of fact.

**I.      Factual Background**

On October 23, 2004, the Evansville Police Department conducted a consensual search of Brian Magnussen's residence, located at 3915 Covert Avenue in Evansville, Indiana. The police received consent to search the house first from Charles J. Reynolds, a friend of Brian Magnussen's who was also living there, and then from Brian Magnussen as well. While searching the house, the police found the following:

- a small amount of marijuana on a dresser in a back bedroom;
- the remains of hand-rolled marijuana cigarettes in the kitchen;
- several plastic bags containing marijuana, a triple beam scale, and loose

   marijuana seeds and stems in a cabinet behind the dresser mirror in the back
   bedroom;
   • a red and black cloth cooler hanging on the bedroom closet doorknob,
   inside of which were two plastic bags containing marijuana;
   • twenty-four thousand nine hundred and two dollars in United States
   currency ($24, 902.00) in a safe near the bedroom closet, which Magnussen
   opened for the police;
   • several rifles and shotguns in the same safe;
   • a large green cooler on top of a freezer in the garage, inside of which there
   were 13 plastic ziploc bags containing marijuana, and a trash bag containing
   a large compressed brick of marijuana;
   • a large white cooler on the back of an all-terrain vehicle in the garage,
   inside of which there were three plastic bags containing marijuana;
   • a large white cooler inside a trailer that was parked behind the house,
   inside of which there were 14 plastic bags containing marijuana; and
   • a tray holding a small amount of marijuana and a number of burnt ends of
   hand rolled marijuana cigarettes in the drawer of an end table in the living
   room of the house.

  The total amount of marijuana found in the house, garage and trailer was approximately sixty pounds. Brian Magnussen was unemployed at the time of the search and claims that for many years his principle income has come from his activities as a professional gambler.[1] However, he has filed no income tax returns and has produced no other evidence that might corroborate that assertion. Magnussen was charged in Vanderburgh County, and, on September 19, 2005, pled guilty to dealing in marijuana in an amount greater than 10 pounds, a Class C Felony. At his sentencing hearing, despite pleading guilty to dealing in marijuana, Magnussen testified that he had a significant drug problem and that the marijuana was actually for his personal consumption. He also stated

---

[1] Magnussen indicates that he also received between $1250 and $1700 a year from dividends and rental property.

that the scale that was found was for measuring black powder for a gun he owned.

In this action the United States seeks forfeiture of the cash that was found in Magnussen's safe, pursuant to 21 U.S.C. § 881. It claims the funds are money "furnished or intended to be furnished by any person in exchange for a controlled substance" or "proceeds traceable to such an exchange." 21 U.S.C. § 881(a)(6). In response to interrogatories posed by the United States in this case, Magnussen exercised his right under the Fifth Amendment to the United States Constitution not to be a witness against himself, and did not answer any of the questions posed to him regarding his dealing in marijuana.[2] Subsequent to pleading guilty to the charge against him, he has not amended or supplemented those responses. He claims that the money was his life savings from gambling and investments. He has produced a receipt indicating that he liquidated an investment account worth $7,851.66 in March of 2004, which he claims was part of the money at issue here. The remainder he claims was from successful gambling junkets.

## II.    Summary Judgment Standard

Summary judgment is only to be granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court examines the pleadings and the proof as presented in depositions, answers to interrogatories, admissions, and affidavits made a part of the record. *First Bank & Trust*

---

[2] Among other things, the interrogatories posed questions regarding how much money he received for or spent to purchase quantities of marijuana.

*v. Firstar Information Services Corp.*, 276 F.3d 317 (7th Cir. 2001). It also draws all reasonable inferences from undisputed facts in favor of the non-moving party and views the disputed evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

### III.   Discussion[3]

Quite simply, the government argues that the money at issue was either to be used to purchase more marijuana or was the proceeds from Magnussen's marijuana sales, or both. It contends that no other plausible explanation exists for the existence of such funds in the unemployed Magnussen's safe. Yet a plausible explanation does exist for nearly $8,000. It is undisputed that Magnussen received that money when he liquidated an investment account in March of 2004. Magnussen could have lost all that money gambling or he may have successfully tripled his money at the casinos. While the later may be less likely, by providing the receipt for the investment account money he has at least shown there to be a question of fact with respect to whether the money found in his safe, or any part of it, was from legitimate sources and not furnished or intended to be furnished in connection with a drug transaction.

The circumstances here are not comparable to the circumstances in *United States*

---

[3] Previously this court denied the government's summary judgment motion, indicating it believed that the existence of disputed facts with regard to the funds warranted a denial of the motion. However, that ruling was made prior to the government filing its reply brief and was subsequently rescinded due to its prematurity.

*v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448 (7th Cir. 2005), which the government cites as support for granting summary judgment in its favor. In that case, the money at issue was found stuffed into a woman's girdle being worn by a male passenger attempting to board a flight to Phoenix and was also the target of a drug sniffing dog's alert. *Id.* at 451. A grant of summary judgment in favor of the United States in that case was upheld by the Seventh Circuit based upon the "totality of the circumstances". *Id.* at 467. Here the money was found in a safe, where money is often found. While marijuana was found in several locations in and outside the house, there were no drugs in the safe and there is no evidence that the money had any drug odor or contained any residue of marijuana.

**IV.    Conclusion**

Because there remains a question of fact with regard to the origin of the money in the safe and its intended use, Plaintiff's Motion for Summary Judgment (Document # 14) is **DENIED**.

IT IS SO ORDERED this 7th day of June 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Jeffery L. Lantz
LANTZ LAW OFFICE
attylantz@yahoo.com

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov